# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZAL GROUP, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>  v.<br><br>AGNER EMILIO ESPANA, an individual; ERAN HENRY DARMAN, an individual; and DOES 1 to 10,<br><br>    Defendants. | 2:17-cv-05856-RSWL-KS<br><br>**ORDER re: Defendants Darman's and Espana's Motions to Dismiss, or, in the Alternative, Motions for More Definite Statement** [10, 12] |

Currently before the Court are Defendant Eran Henry Darman's ("Darman") Motion to Dismiss the Complaint, or, in the Alternative, Motion for More Definite Statement ("Darman's Motion") [10] and Defendant Agner Emilio Espana's ("Espana") Motion to Dismiss, or, in the Alterative, Motion for More Definite Statement ("Espana's Motion") [12]. Having reviewed all papers submitted pertaining to these Motions, the Court **NOW**

1

**FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Darman's Motion; the Court **GRANTS in part and DENIES in part** Espana's Motion.

## I. BACKGROUND

### A. Factual Background

Plaintiff Mazal Group, LLC ("Plaintiff") is a California limited liability company that manufactures and distributes beauty products. Compl. ¶¶ 5, 9, ECF No. 1. Espana and Darman are individuals residing in Broward County, Florida. Id. ¶ 6. Plaintiff alleges that Defendants are engaged in a business relationship and that each Defendant was an agent of the other at all times relevant to this litigation. Id. Defendants dispute Plaintiff's agency theory, see, e.g., Def. Darman's Mot. to Dismiss ("Darman's Mot.") 1, 4, ECF No. 10, but the parties do not dispute that Defendants are officers of H & A Marketing and Sales, Inc. ("H & A"), a Florida corporation, see Compl. ¶ 40; Def. Darman's Reply ("Darman's Reply"), Ex. A, ECF No. 19.

Plaintiff enters into licensing agreements with clients to license the right to sell beauty products. Compl. ¶ 8. On February 3 and 9, 2017, Plaintiff and Espana entered into licensing agreements to sell Plaintiff's products. Id. ¶ 9. On April 3, 2017, Plaintiff and Espana entered into a licensing agreement to sell Plaintiff's brands at a trade show. Id. Plaintiff alleges both Defendants were parties to these agreements (the "Licensing Agreements"). Id. ¶¶ 6, 9.

2

The Licensing Agreements contain a provision regarding the proper channels for sale of the licensed products:

> Authorized Sales Channels. Licensee shall only sell, offer for sale, or otherwise advertise MG Products at the MG Licensed Location(s). Sale, offers for sale, or advertisement of MG Products via other sales channels including, but not limited to online, wholesale or distribution channels, or transfer of bulk quantities of Products at reduced cost is strictly prohibited and considered a material breach of this Agreement. This Agreement is only for retail sales direct to end-use consumers at the Licensed Location(s). Licensee is not authorized to sell, list, advertise or otherwise market MG Products online, either directly or indirectly.

Id., Ex. A § 1.03.

On May 1, 2017, Plaintiff discovered its products were being sold on eBay. Id. ¶ 12. Plaintiff traced the serial and batch numbers of these products back to the products that Plaintiff provided to Espana as part of the Licensing Agreements. Id. After conducting an investigation in July 2017, Plaintiff discovered other eBay and Amazon sellers who were selling Plaintiff's products with the serial numbers of the products subject to the Licensing Agreements. Id.

Plaintiff contacted Defendants regarding the alleged violations of the Licensing Agreements, but Defendants allegedly refused to comply with Plaintiff's demands to adhere to the Licensing Agreements. Id. ¶¶ 14-15.

**B. Procedural Background**

Plaintiff filed its Complaint against Defendants on August 8, 2017, alleging (1) breach of contract, (2)

3

unjust enrichment, (3) statutory and common law unfair competition and business practices, (4) negligent interference with an economic relation, and (5) fraudulent misrepresentation.  See generally id.

On October 2, 2017, Darman filed his Motion [10]. On October 16, 2017, Plaintiff filed its Opposition to Darman's Motion [16].  On October 30, 2017, Darman filed his Reply [19].

On October 3, 2017, Espana filed his Motion [12]. Plaintiff filed its Opposition to Espana's Motion on November 8, 2017 [21].  Espana did not file a Reply.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted.  To survive a motion to dismiss on 12(b)(6) grounds, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(internal quotation marks omitted).  Dismissal can be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the

pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991).

The question presented by a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff has alleged sufficient factual grounds to support a plausible claim to relief, thereby entitling the plaintiff to offer evidence in support of its claim. Iqbal, 556 U.S. at 678; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of a cause of action's elements." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citation omitted). However, "[a] complaint should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Balistreri, 901 F.2d at 699 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**B. Discussion**

Plaintiff notes in its Oppositions that Darman and Espana did not seek to meet and confer with Plaintiff

5

prior to filing the Motions as Local Rule 7-3 requires.[1] "When a party fails to comply with Local Rule 7-3, the court can, in its discretion, refuse to consider the motion." Carmax Auto Superstores Cal. Ltd. Liab. Co. v. Hernandez, 94 F. Supp. 3d 1078, 1087 (C.D. Cal. 2015)(internal citations omitted). "Failure to comply with the Local Rules does not automatically require the denial of a party's motion, however, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply." Id. (internal citations omitted).

Plaintiff does not argue that the Court should deny Darman's or Espana's Motions because of their failure to comply with Local Rule 7-3; nor does Plaintiff argue that Darman or Espana's failure to meet and confer prejudiced Plaintiff. Further, Defendants each appear in this matter pro se and live in Florida. While it is the duty of the parties to comply with the Local Rules, the lack of evidence of prejudice to Plaintiff and Defendants' out-of-state and pro se status excuse their initial failure to comply with Local Rule 7-3. See Brodie v. Bd. of Trs. of the Cal. State Univ., No. CV 12-07690 DDP (AGRx), 2013 U.S. Dist. LEXIS 122059, at

---

[1] According to Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion."

*2 (C.D. Cal. Aug. 27, 2013)(considering merits of motion when non-moving party failed to show it suffered prejudice from failure to comply with Local Rule 7-3). However, moving forward in this matter, all parties should be on notice that they are required to comply with all of the Court's Local Rules.[2]

    1.   <u>Breach of Contract</u>

The Court now turns to the merits of Defendants' Motions. Plaintiff asserts a breach of contract claim premised on the contract Plaintiff and Espana signed. "To plead a breach of contract claim, a plaintiff must allege: (1) the existence of a contract, (2) [its] performance of the contract . . . , (3) defendant's breach, and (4) resulting damage." <u>Benton v. Baker Hughes</u>, No. CV 12-07735 MMM (MRWx), 2013 U.S. Dist. LEXIS 94988, at *16-17 (C.D. Cal. June 30, 2013). In its Complaint, Plaintiff alleges that "each Defendant was an agent of the other Defendant and was acting in the course of their agency at all relevant times." Compl. ¶ 6. To sufficiently plead an agency relationship, a plaintiff must allege facts

---

[2] The Court also notes that Darman filed his Reply six days late. According to Local Rule 7-10, "A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum." Reply briefs are optional. In the interests of adjudicating motions on the merits, the Court will consider Darman's Reply in ruling on his Motion. See <u>Chabot v. Chabot</u>, No. 4:11-CV-217-BLW, 2011 U.S. Dist. LEXIS 131361, at *31 (D. Idaho Nov. 14, 2011). However, as noted, Darman is cautioned that his pro se status will not relieve his duty to comply with the Local Rules. In the future, the Court may not consider a late-filed pleading.

7

demonstrating the principal's control over its agent. Imageline, Inc. v. CafePress.com. Inc., No. CV 10-9794 PSG (MANx), 2011 U.S. Dist. LEXIS 39828, at *12 (C.D. Cal. Apr. 6, 2011)(citing Sonora Diamond Corp. v. Superior Court, 99 Cal. Rptr. 2d 824 (Ct. App. 2000)).

Other than stating that Defendants are agents of each other, the only allegations Plaintiff makes regarding the alleged agency relationship between Darman and Espana is that Defendants "are engaged in a business relationship and partnership, the details of which Plaintiff is entirely ignorant," Compl. ¶ 6; "Defendants are engaged in business together as verified by the Florida Secretary of State," id. ¶ 39; and Darman "was in league with" Espana, id. ¶ 40. These allegations alone fail to satisfy the pleading requirements of Rule 8(a). See Hines v. Wells Fargo Home Mortg., Inc., No. 2:14-CV-01386 JAM-KJN, 2015 U.S. Dist. LEXIS 8700, at *10 (E.D. Cal. Jan. 23, 2015)("The FAC also alleges that West Coast Financial 'worked closely with' and 'in concert with' Defendant. These statements—even if the Court, as it must, takes them as true—do not establish an agency relationship."). Consequently, the Court **GRANTS** Darman's Motion as to Plaintiff's breach of contract claim.

With regards to Espana's Motion, Espana contends that Plaintiff has failed to sufficiently plead breach and damages. Def. Espana's Mot. to Dismiss ("Espana's Mot.") 4:19, 5:1-2, ECF No. 13.

To plead breach, Plaintiff alleges "Defendants repeatedly violated Section 1.03 of the Agreements constituting a material breach . . . by intentionally selling to re-sellers rather than end-users as required." Compl. ¶ 17. Plaintiff is not required to provide specific evidence of Espana's breach at the pleading stage. Rather, to plead breach, Plaintiff only needs to allege how Espana breached a relevant term of the Licensing Agreements. See TreeFrog Devs., Inc. v. Seidio, Inc., No. 13cv0158-IEG(KSC), 2013 WL 4028096, at *4 (S.D. Cal. Aug. 6, 2013)(internal citations omitted)(denying motion to dismiss breach of contract counterclaim where claimant alleged nonclaimant's breach of a specific term of the agreement). Plaintiff has done so by alleging how Espana breached Section 1.03 of the Licensing Agreements.

Finally, to sufficiently plead damages for a breach of contract claim, a plaintiff must allege appreciable and actual damage rather than nominal damages or speculative harm. In re Facebook Privacy Litig., 791 F. Supp. 2d 705, 717 (N.D. Cal. 2011). Plaintiff pleaded actual damages by alleging (1) that Espana's breach "did harm to Plaintiff and [its] relations to other vendors and others," and (2) that Section 8.03 of the Licensing Agreements provided that Espana would pay Plaintiff $100,000 in liquidated damages in the event of breach. Compl. ¶¶ 17-18, Ex.

A.  See Castro v. Wells Fargo Bank, N.A., No. CV 12-2393 RSWL(AGRx), 2012 WL 2077294, at *1 (C.D. Cal. June 6, 2012)(holding plaintiffs sufficiently alleged damages for breach of contract claim by alleging that they suffered "financial and other continuing damages as a result of Defendants' breach and that Plaintiffs will lose their home if Defendants' breach continues").

Because Plaintiff has put forward sufficient factual allegations for each element of its breach of contract cause of action against Espana, the Court **DENIES** Espana's Motion as to Plaintiff's breach of contract claim.

2.  Unjust Enrichment

In its Complaint, Plaintiff alleges that Defendants "drew benefit from and enjoyment due to their participation in" the Licensing Agreements and "unjustly retained and enjoyed such benefits while violating the [Licensing Agreements] to Plaintiff's detriment." Compl. ¶¶ 21-22. Plaintiff's unjust enrichment claim is premised solely on the Licensing Agreements between Plaintiff and Espana through which Plaintiff alleges Defendants unjustly obtained a benefit to Plaintiff's detriment. Because Plaintiff has not sufficiently alleged that Darman was a party to these Licensing Agreements through an agency theory, Plaintiff has failed to plead a claim of unjust enrichment against Darman. Therefore, the Court **GRANTS** Darman's Motion as to Plaintiff's unjust enrichment

claim.

Additionally, in California, "unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996). Plaintiff bases its unjust enrichment claim entirely on the Licensing Agreements, binding agreements that define the rights of the parties, and thus, an unjust enrichment claim cannot proceed. See Nestle USA, Inc. v. Crest Foods, Inc., No. LA CV16-07519 JAK (AFMx), 2017 U.S. Dist. LEXIS 136557, at *53 (C.D. Cal. July 28, 2017)(granting motion to dismiss unjust enrichment claim that was based solely on binding contracts). Accordingly, the Court **GRANTS** Espana's Motion as to Plaintiff's unjust enrichment claim.

    3.   Unfair Business Practices

Plaintiff's unfair business practices claim appears to be primarily premised on California's Unfair Competition Law ("UCL"). The UCL prohibits "unlawful, unfair or fraudulent business practices." Cal. Bus. & Prof. Code § 17200 et seq. The UCL separately prohibits business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000).

Under the unlawful prong, "section 17200 'borrows' violations of other laws and treats them as unlawful

practices that the unfair competition law makes independently actionable." Id. (quoting Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 973 P.2d 527, 539-40 (Cal. 1999)). Importantly, "a common law violation such as breach of contract is insufficient" to support a claim under the unlawful prong of section 17200. Shroyer v. New Cingular Wireless Servs., 622 F.3d 1035, 1044 (9th Cir. 2010). Because Plaintiff does not go beyond alleging a violation of common law, it fails to state a claim under the lawful prong of section 17200.

Under the unfair prong, California Courts of Appeal are split as to the test for what constitutes an unfair business practice. See Drum v. San Fernando Valley Bar Ass'n, 106 Cal. Rptr. 3d 46, 53-54 (Ct. App. 2010)(internal citations omitted)(describing three tests courts use when analyzing the unfair prong in actions involving consumers). In its Complaint, Plaintiff does not assert any specific allegations regarding an unfair business practice. Instead, it essentially relies on its breach of contract allegations. See Compl. ¶ 28. Accordingly, Plaintiff has failed to state a claim under the unfair prong of the UCL. See Grant v. Pensco Tr. Co., No. 12-cv-06084-WHO, 2014 U.S. Dist. LEXIS 53224, at *19 (N.D. Cal. Apr. 15, 2014)(granting motion to dismiss UCL claim when plaintiff did not include any specific allegations regarding the unfair prong and simply

12

incorporated breach of contract allegations).

Finally, to state a claim under the "fraudulent" prong of the UCL, a plaintiff must plead that the defendant's allegedly fraudulent business practice is one by which "members of the public are likely to be deceived." Obesity Research Inst., 165 F. Supp. 3d at 953 (quoting Schanll v. Hertz Corp., 93 Cal. Rptr. 2d 439, 457 (Ct. App. 2000)). The heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies to a claim under the "fraudulent" prong of the UCL, requiring Plaintiff to plead its fraud claim with particularity. Id. Under the heightened standard of Rule 9(b), Plaintiff must allege "the who, what, when, where, and how" of Espana's fraudulent conduct. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)(internal citations omitted). Here, the Complaint merely states that "Defendants [have] been, and [are] engaged in 'unlawful, unfair, or fraudulent business practices' in violation of §§ 17200." Compl. ¶ 27. This allegation does not meet the heightened pleading standard that Rule 9(b) requires of fraud claims.

Accordingly, Plaintiff has failed to sufficiently plead a claim under any of the three prongs of the UCL, and the Court **GRANTS** Darman's and Espana's Motions as to Plaintiff's unfair business practices claim.

    4.   Negligent Interference with Prospective Economic Relations

To adequately plead the first element of a

negligent interference with prospective economic relations claim, a plaintiff "must identify with particularity the relationships or opportunities with which [the d]efendant is alleged to have interfered." Damabeh v. 7-Eleven, Inc., No. 5:12-CV-1739-LHK, 2013 U.S. Dist. LEXIS 66565, at *30-31 (N.D. Cal. May 8, 2013). Further, generic "[r]elationships with the 'general public' and 'tourists' do not satisfy the specificity requirement." Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc., No. 11-cv-565-L(WVG), 2011 U.S. Dist. LEXIS 127628, at *14 (S.D. Cal. Nov. 3, 2011). The only relationships to which Plaintiff refers are with licensees. See Compl. ¶ 34. Plaintiff has not pleaded any facts showing a *specific* economic relationship with which Defendants interfered. See R Power Biofuels, LLC v. Chemex LLC, No. 16-CV-00716-LHK, 2016 U.S. Dist. LEXIS 156727, at *49 (N.D. Cal. Nov. 11, 2016)(finding allegation that plaintiff had an economic relationship with "major consumers of biodiesel" was not specific enough to survive 12(b)(6) motion). Accordingly, the Court **GRANTS** Darman's and Espana's Motions as to Plaintiff's negligent interference cause of action.

    5.   Fraudulent Misrepresentation

Under California law, the elements of a fraudulent misrepresentation claim include: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages.

14

Agosta v. Astor, 15 Cal. Rptr. 3d 565, 569 (Ct. App. 2004). According to Rule 9(b), a plaintiff must plead each element of a fraud claim with particularity. F.T.C. v. Lights of Am., Inc., 760 F. Supp. 2d 848, 850 (C.D. Cal. 2010). This means that "fraud claims must be accompanied by the 'who, what, when, where, and how' of the fraudulent conduct charged.'" Id. (quoting Vess, 317 F.3d at 1106).

Plaintiff alleges that Defendants deceived Plaintiff into believing that Espana was the sole person engaged in the Licensing Agreements, when in reality, Espana and Darman were working together. Compl. ¶ 40. However, Plaintiff does not identify any specific misrepresentation Defendants made to deceive Plaintiff, or when such a misrepresentation occurred. Further, Plaintiff does not differentiate between Defendants when alleging that Defendants "knowingly and intentionally misrepresented the identity of the licensee" and "their intention to abide by the terms of the AGREEMENTS." Id. ¶¶ 45-46. Such a failure to allege the specific identities of who made the alleged misrepresentations results in a failure to meet the heightened pleading standard of Rule 9(b). See Swartz, 476 F.3d at 764 ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations

surrounding his alleged participation in the fraud." (internal quotations omitted)).

While the Complaint may contain a recitation of the elements of a fraud claim, see Compl. ¶¶ 44-48, because Plaintiff fails to provide any details with regards to the alleged fraud, the Court **GRANTS** Darman's and Espana's Motions as to Plaintiff's fraud claim. See Vess, 317 F.3d at 1106 (finding plaintiff failed to plead its fraud claim with particularity where it alleged a "fraudulent conspiracy" between defendants but did not "provide the particulars of when, where, or how the alleged conspiracy occurred").

6. <u>Leave to Amend</u>

Rule 15(a)(2) directs courts to "freely give leave [to amend] when justice so requires." Leave to amend lies "within the sound discretion of the trial court." <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981). This policy should "be applied with extreme liberality." <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001)(quoting <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Plaintiff has yet to file an amended complaint. It is likely that, with the opportunity to amend the Complaint, Plaintiff will be able to cure the deficiencies in the causes of action Plaintiff pleads against Defendants. Accordingly, the Court **GRANTS** Plaintiff leave to amend its Complaint.

## III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Darman's Motion [10]. The Court **GRANTS in part and DENIES in part** Espana's Motion [13] as follows: the Court **DENIES** Espana's Motion as to Plaintiff's breach of contract claim; and the Court **GRANTS** Espana's Motion as to Plaintiff's unjust enrichment, unfair competition, negligent interference with prospective economic advantage, and fraudulent misrepresentation claims.

The Court gives Plaintiff twenty days from the date of this order to amend its Complaint.

**IT IS SO ORDERED.**

DATED: December 4, 2017         s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge