NIMA FARBOODY (CA BAR NO. 262371)
20255 Corisco St.
Chatsworth, CA 91311
Tel: 818-886-3200
Fax:
Email: nfarboody@mazalent.com

Attorney for MAZAL GROUP, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAZAL GROUP, LLC, a California Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>AGNER EMILIO ESPANA, an individual; and DOES 1 to 10,<br><br>Defendants. | Case No.: 2:17-cv-05856-RSWL-KS<br><br>**FIRST AMENDED COMPLAINT FOR:**<br>**1) BREACH OF CONTRACT**<br>**2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**3) NEGLIGENT INTERFERENCE WITH AN ECONOMIC RELATION** |

## INTRODUCTION

1. This is an action by MAZAL GROUP, LLC, a California limited liability company ("Plaintiff" or "MAZAL"), to recover damages due to the breach of contract by AGNER EMILIO ESPANA, an individual, and DOES 1-10 ("Defendants"), whose names have not yet been determined.

## JURISDICITON

2. This Court has original jurisdiction over MAZAL's claims due to the matter arising in diversity jurisdiction pursuant to 28 U.S.C §1332 in a claim between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00). This Court has supplemental jurisdiction over MAZAL's state law claims under 28 U.S.C. §1367. Furthermore, the state law claims contained herein are instituted to the provisions of 28 U.S.C §1332

in that such claims constitute a civil action between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00).

    3. This Court has personal jurisdiction over Defendants pursuant to California Long Arm Statute, Cal. Code Civ. Proc §410.10, because, on information and belief, Defendants regularly conduct business in, and carry minimum contacts with, the State of California.

    4. Venue is proper in this District pursuant to 28 U.S.C. §1392(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Furthermore, Defendants' signed agreement with Plaintiff agrees to jurisdiction and venue to this Court.

## PARTIES TO THE ACTION

    5. Plaintiff, MAZAL GROUP LLC, is, and at all times material hereto was, a California Limited Liability Company whose principal place of business is in Chatsworth, California.

    6. Defendant, AGNER EMILIO ESPANA, is and at all times material hereto was, a natural person residing in Broward County, Florida.

    7. Plaintiff, MAZAL is ignorant of the true names and capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff, will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitious named defendants is responsible in some manner for the occurrence herein alleged, and that the Plaintiff's damages as herein alleged were proximately caused by their conduct.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

    8. Plaintiff, MAZAL is a company engaged in the manufacture and distribution of beauty products. MAZAL engages clients with license agreements to license the right to sell and use trademarks and other intellectual property.

    9. On or about February 3, 2017 and February 9, 2017 MAZAL and Defendants entered into agreements for the licensing and right to sell certain brand products ("BRANDS") to which MAZAL had exclusive rights to license (see Exhibit A). On or about April 3, 2017 MAZAL and Defendants

entered into an agreement for the licensing and right to sell certain brand products in a trade show (The Capital Region Spring Home Show) (also see Exhibit A).

10. Among the provisions the agreements in Exhibit A (henceforth the "AGREEMENTS") were Section 1.03 of the AGREEMENTS (and each agreement, as they are substantially identical) that outlined the proper channels for the sale of the BRANDS products as follows:

> "<u>Authorized Sales Channels.</u> Licensee shall only sell, offer for sale, or otherwise advertise MG Products at the MG Licensed Location(s). Sale, offers for sale, or advertisement of MG Products via other sales channels including, but not limited to online, wholesale or distribution channels, or transfer of bulk quantities of Products at reduced cost is strictly prohibited and considered a material breach of this Agreement. This Agreement is only for retail sales direct to end-use consumers at the Licensed Location(s). Licensee is not authorized to sell, list, advertise or otherwise market MG Products online, either directly or indirectly."

11. Pursuant to the AGREEMENTS, Defendants agreed to sell such BRANDS products strictly according to the above provisions and as such made it a material element of the AGREEMENTS the breach of which shall result in a total breach of the AGREEMENTS (*see* Section 8 of the AGREEMENTS).

12. On or about May 1, 2017, MAZAL employees, on information and belief, discovered Brand products subject to the AGREEMENTS and specifically Section 1.03 were being sold by an eBay seller by the name of "cosmetixclub1." These Brand products were traced using serial and batch numbers and were traced back to inventory of the Defendants. Subsequently, in the months of June and July, 2017, MAZAL employees engaged in an extensive investigation identified other eBay sellers "mjkkrpt", "basicdeals", "liopil-9" (subsequently changing the name to "hotel_california43"), "feedyourneed", and "swis_arie" and Amazon.com sellers "Homegoods Shop" and "FineStyle Corp" all ("Resellers") selling Brand products from Defendants' inventory tracked via their serial numbers and identification markings and subject to the AGREEMENTS and others to follow.

13. On information and belief, Plaintiff alleges Defendants violated the AGREEMENTS with the above actions and conduct.

14. Plaintiff regularly receives complaints and loss of business relations from other licensees, people who sign license agreements similar to the AGREEMENTS ("LICENSEES"), due to the price undercutting and distribution of sales that occur because of the conduct of the Defendants and similar conduct done by others who engage in similar practices. MAZAL is perceived as unable to control these vital functions and so loses and/or suffers harm of lost licensees.

15. Plaintiff reached out to Defendants numerous times in an attempt to correct Defendants' infringing conduct which damages Plaintiff and harms their relations with other vendors of BRANDS products, among others.

16. Defendants has refused to comply with Plaintiff's demands to adhere to the AGREEMENTS and thus Plaintiff seeks judgement against Defendants, each and every one, in this Court.

## FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### BY PLAINTIFF MAZAL AGAINST DEFENANTS AND DOES 1-10

17. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

18. MAZAL alleges Defendants repeatedly violated Section 1.03 of the AGREEMENTS constituting a material breach pursuant to Section 8 of the AGREEMENTS by intentionally selling to resellers rather than end-users as required. Such violation did harm to Plaintiff and their relations to other vendors and others.

19. Pursuant to Section 8.03 of the AGREEMENTS, Plaintiff is entitled to and claims liquidated damages in an amount no less than one hundred thousand US Dollars ($100,000.00) per agreement.

20. Plaintiff's remedies at law are not adequate to compensate for injuries inflicted by Defendants, and accordingly Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

## SECOND CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

## BY PLAINTIFF MAZAL AGAINST DEFENANTS AND DOES 1-10

21. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

22. Plaintiff hereby alleges Defendants never intended to uphold the obligation to sell only to end-users and not sell to resellers.

23. Defendants were associates with another licensee, Eran Henry Darman, who engaged MAZAL in a license agreement before Defendants.

24. Plaintiff suspected Mr. Darman of selling online and/or distributing to resellers, in much the same way Defendants were engaged.

25. Plaintiff tracked Mr. Darman's inventory to these sellers but elected to end the relationship without fault.

26. Defendants immediately attempted to take Mr. Darman's place at the same location, but was given a different one.

27. Defendants quickly turned to selling such products, in violation of the AGREEMENTS, to distributors and resellers, who in turn, sold such products online at much lower prices, disturbing MAZAL's distribution networks and doing harm to LICENSEES of MAZAL who were undercut in prices.

28. Plaintiff's alleges that Defendants signed the Agreements with deceit and in bad faith, never intending to abide by the terms of the AGREEMENTS, but only engage in the same conduct Mr. Darman was suspected of engaging, namely selling to resellers and distributing and undercutting LICENSEES.

29. Defendants' bad faith conduct, as described above has done harm to Plaintiffs and relations with Plaintiff's licensees.

30. As a result of Defendants' actions, Plaintiff has suffered compensatory and consequential damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### NEGLIGENT INTERFERENCE WITH AN ECONOMIC RELATION

### BY PLAINTIFF MAZAL AGAINST DEFENANTS AND DOES 1-10

31. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

32. Plaintiff was engaged in, at the time of the events described herein, and is presently engaged business relations with LICENSEES through license agreements, who sign agreements similar to AGREEMENTS.

33. Defendants knew or should have known about these relations. Defendants knew or should have known that the actions described herein, namely the laws through unauthorized channels and the disruption of MAZAL's distribution network would do substantial harm to LICENSEES and MAZAL's relations with them.

34. Defendants actions caused a perceived inability of MAZAL to enforce distribution networks and enforce price discipline and MAZAL received numerous complaints from LICENSEES.

35. Defendants failed to act with reasonable care and harmed MAZAL as a result of their breach of contact.

36. Due directly and substantially to Defendants' wrongful conduct, MAZAL's relations with other LICENSEES and business relations were harmed.

37. Defendants is liable for negligent interference with an economic relation.

38. Plaintiff has suffered injury and damages and has lost income and/or property as a result of Defendants' negligent interference with their economic relations in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgement against Defendants, and each of them, as follows:

1. For damages derived from the expected enjoyment which Plaintiff would have received if the AGREEMENTS were fully performed by Defendants.

2. For liquidated damages in an amount no less than one hundred thousand US Dollars

($100,000.00) per Section 8, *et seq.* of the AGREEMENTS.

    3. For specific performance of post-termination provisions contained in the AGREEMENTS.

    4. For general and consequential damages to be established at trial.

    5. For injunctive relief.

    5. For costs of suit incurred herein pursuant to the Guaranty of Licensee's Agreement section of the AGREEMENTS.

    6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

    Plaintiff hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: 12/22/2017

                                 By: /s/Nima Farboody
                                     NIMA FARBOODY
                                     Attorney for Plaintiff
                                     MAZAL GROUP, LLC

Exhibit A
Agreements